WAYNE BODY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35896.   Promulgated April 15, 1931.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

OPINION.

BLACK: On February 27, 1931, findings of fact and opinion were promulgated in this proceeding (22 B. T. A. 401), and on March 23, 1931, respondent filed a motion to modify the Board's opinion as to the running of the statute of limitations against the assessment of the deficiency against the transferor corporation for the year 1920. The portion of the Board's opinion which the respondent moves to have modified in certain respects is as follows:

For the year 1920 the return was filed March 15, 1921, and on January 28, 1925, respondent issued a preliminary letter to petitioner's transferor, the Detroit Company, commonly known as the 30-day letter. On April 9, 1925, an appeal was filed before the Board, Docket No. 3430, involving 1917, 1918, and 1919, and taxpayer attempted to include 1920 although no final determination of any deficiency had then been made and no notice of deficiency had been issued.

We have held in a number of cases that an appeal from a 30-day letter (preliminary letter) does not give the Board jurisdiction. Only the final determination of a deficiency can give us jurisdiction. *Frost Superior Fence Co.*, 1 B. T. A. 1096; *Mohawk Glove Corporation*, 2 B. T. A. 1247. It is true that, if at the time petitioner took its appeal in Docket No. 3430, the 60-day deficiency notice for the year 1920 had been actually issued and by mistake or inadvertence petitioner had appealed from the 30-day letter, it would have been permitted to amend and show that it was in fact appealing from the 60-day letter and not from the 30-day letter. *The Peruna Company*, 11 B. T. A. 1180; *D. L. Blackstone, Administrator, et al.*, 12 B. T. A. 456; *M. S. Sevier*, 14 B. T. A. 709. But where, as in Docket No. 3430, hereinbefore referred to, the deficiency notice for 1920 had not been issued at the time the appeal was filed, to wit, April 9, 1925, and was not issued until May 16, 1925,

the Board acquired no jurisdiction over 1920 in such appeal and the statute of limitations was not suspended thereby.

For the year 1920 no waivers have been shown. The return was filed March 15, 1921, and the five-year limitation for assessment against the transferor corporation expired March 15, 1926. The assessment for the year 1920 deficiency against transferor taxpayer was made March 26, 1926, which was too late. The one year additional time in which assessment might be made against the transferee under section 280 of the Revenue Act of 1926 expired on March 15, 1927. The notice to petitioner was issued December 29, 1927, and was too late  Taxes for 1920 and liability of petitioner as transferee are barred·by the statute of limitations.

Respondent directs our attention to section 277 (b), Revenue Act of 1924, which was in effect at the time the notice of deficiency for 1920 was mailed to the Detroit Company. It reads:

SEC. 277. (3) (b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

It will be seen from a reading of the cited statute, the five-year period of limitation was extended 60 days from the date of the mailing of the deficiency letter, May 16, 1925, from which no appeal was taken. The effect of this extension was to extend the period of limitation in which respondent might make assessment of the deficiency for 1920 against the Detroit Company, 60 days from March 15, 1926 (which is the date within which assessment against the taxpayer would have been required if no deficiency notice had been mailed). Therefore the statement made in our opinion promulgated February 27, 1931, to the effect that the assessment for the year 1920 against the transferor taxpayer was made too late, was error, and respondent's motion to modify our opinion in that respect is granted. This modification does not change, however, our finding that the statute of limitations had run in favor of the petitioner, the transferee.

Section 280 (b) (1) (2) of the Revenue Act of 1926 reads:

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

Section 280 (b) (2) does not apply in this proceeding because the period for assessment against the taxpayer did not expire before the enactment of the Revenue Act of 1926.

Section 280 (b) (1) does apply in this proceeding and that section says in effect that the period of limitation for assessment against a transferee shall expire within one year after the expiration of the period of limitation for assessment against the taxpayer. The period of limitation for assessment against the transferor taxpayer expired for assessment of the 1920 taxes on May 15, 1926 (60 days from March 15, 1926), and notice of liability was mailed to petitioner December 29, 1927, and this was too late. In our findings of fact and opinion promulgated February 27, 1931, there was no error in our holding that the statute of limitations has run against assessment for the 1920 deficiency against the transferee.

Findings of fact and opinion promulgated February 27, 1931, are hereby modified to the extent herein indicated and in all other respects are maintained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*